UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

CASE NO. 20-20725-CIV-COOKE/GOODMAN

HOUSTON SPECIALTY INSURANCE CO.,

      Plaintiff,

v.

DANIELA FONTECILLA, et al.,

      Defendants.

_____/

DANIELA FONTECILLA, et al.,

      Counter-Plaintiffs,

v.

HOUSTON SPECIALTY INSURANCE CO.,

      Counter-Defendant.

_____/

**REPORT AND RECOMMENDATIONS
ON FONTECILLA'S MOTION TO TAX COSTS**

Plaintiff/Counter-Defendant Houston Specialty Insurance Company ("Houston")

brought this declaratory action against Defendants/Counter-Plaintiffs Daniela Fontecilla

and the Law Offices of Daniela Fontecilla, P.A. (collectively, "Fontecilla") and Old

Republic National Title Insurance Company ("Old Republic"). Houston sought a

declaration of its rights and obligations with respect to defending and indemnifying Fontecilla in a state court action brought by Old Republic. [ECF No. 1].

Specifically, Old Republic asserted fraud and theft claims against Fontecilla in the Circuit Court of the Eleventh Judicial Circuit in and for Miami-Dade County, Florida, *Old Republic National Title Ins. Co. v. Daniela Fontecilla, Law Offices of Daniela Fontecilla, P.A.*, Case No. 2019-031646-CA-0l ("Underlying Action").

On September 30, 2021, United States District Judge Marcia G. Cooke issued an Order granting in part and denying in part Old Republic's motion for summary judgment/motion to dismiss. [ECF No. 82]. In her Order, Judge Cooke dismissed without prejudice Houston's claim on its duty-to-indemnify and granted summary judgment in Old Republic's favor on the duty-to-defend claim.

Consistent with these rulings, on August 3, 2022, United States District Judge Donald L. Graham for Judge Cooke issued a Final Judgment in favor of Fontecilla and Old Republic and against Houston on the duty to defend claim and dismissed without prejudice the duty to indemnify claim. [ECF No. 89].

On September 9, 2022, Fontecilla filed the instant motion to tax costs. [ECF No. 91]. The certificate of conferral states that "Houston does not agree to the relief requested" in the motion. *Id.* at 3. However, no response was filed and the deadline to file a response under the Local Rules has passed.

Judge Cooke referred to the Undersigned "all non-dispositive pretrial matters, as well as motions for attorney's fees and costs and motions for sanctions, in accordance with 28 U.S.C. §§ 636(b)(1)(A) and (B)." [ECF No. 5].

The Undersigned now issues this Report and Recommendations on Fontecilla's motion to tax costs and bill of costs. [ECF Nos. 91; 91-1]. For the reasons stated below, the Undersigned respectfully **recommends** that the District Court **grant** Fontecilla's Motion and award it **$466.32** in taxable costs (the full amount requested).

## I.    Legal Standard

Absent a federal statute, civil procedure rule, or order to the contrary, a prevailing party is entitled to an award of its costs. Fed. R. Civ. P. 54(d)(1). The prevailing party must file a bill of costs that adheres to the guidelines outlined in Local Rule 7.3(c), which specifically references 28 U.S.C. § 1920. Under § 1920, the following costs are taxable against the losing party:

(1) Fees of the clerk and marshal;

(2) Fees for printed or electronically recorded transcripts necessarily obtained for use in the case;

(3) Fees and disbursements for printing and witnesses;

(4) Fees for exemplification and the costs of making copies of any materials where the copies are necessarily obtained for use in the case;

(5) Docket fees under section 1923 of this title;

(6) Compensation of court appointed experts, compensation of interpreters, and salaries, fees, expenses, and costs of special interpretation services under section 1828 of this title.

28 U.S.C. § 1920.

Although a prevailing party is entitled to taxable costs, the Court may still exercise discretion in awarding the costs that § 1920 enumerates. *Crawford Fitting Co. v. J.T. Gibbons, Inc.*, 482 U.S. 437, 441-42 (1987). "When challenging whether costs are taxable, the losing party bears the burden of demonstrating that a cost is not taxable, unless the knowledge regarding the proposed cost is within the exclusive knowledge of the prevailing party." *Monelus v. Tocodrian*, Inc., 609 F. Supp. 2d 1328, 1333 (S.D. Fla. 2009) (citations omitted). Still, the court is limited to taxing the costs specifically authorized by statute. *E.E.O.C. v. W&O, Inc.*, 213 F.3d 600, 620 (11th Cir. 2000) (citing *Crawford Fitting Co.*, 482 U.S. at 445).

## II.    Analysis

Fontecilla is the prevailing party in this case because the District Court entered a final judgment in its favor on the duty to defend count and dismissed the duty to indemnify count. [ECF No. 89]. Fontecilla is therefore entitled to an award of all costs recoverable under 28 U.S.C. § 1920.

Fontecilla seeks to recover $466.32 in costs associated with obtaining the deposition transcript of Garrett Kern, Houston's corporate representative. [ECF Nos. 91,

p. 3; 91-1, p. 4]. Fontecilla states that this transcript "was used in Fontecilla's Motion for

Summary Judgment." *Id.* Fontecilla further explains that:

> The invoice for the deposition transcript states that the total cost is $570.17
> and that the court reporter charged $4.05 per page. Fontecilla has reduced
> that amount in the Bill of Costs to only $466.32 by omitting the charges for
> exhibits and charging $4.02 per page in accordance with the rate prescribed
> by the U.S. Southern District of Florida Transcript Rate Schedule for Court
> Reporters. *See* https://www.flsd.uscourts.gov/transcript-rate-schedule.

*Id.* A copy of the invoice is attached to the bill of costs. [ECF No. 91-1, p. 4].

Although Houston has not filed a response, the Undersigned has nonetheless

independently reviewed the costs motion. *See Monelus v. Tocodrian, Inc.*, 609 F. Supp. 2d

1328, 1333 (S.D. Fla. 2009) ("Although [the] [p]laintiff has failed to object to the costs set

forth in [the] [d]efendant's [m]otion, the Court nonetheless reviews each category of the

items sought in the [d]efendant's [m]otion, and whether [the] [d]efendant can properly

receive monies for these categories of costs under the statute."); *Greer v. Ivey*, No. 6:15-

CV-677-Orl-41GJK, 2020 WL 2841377, at *1 (M.D. Fla. Apr. 28, 2020) ("Although the Court

could treat the [movant's] motion as unopposed and award all of the costs sought I

believe the better approach is to analyze each part of the application and rule

accordingly."), report and recommendation adopted, No. 6:15-CV-677-Orl-41GJK, 2020

WL 2838843 (M.D. Fla. June 1, 2020); *Hamilton v. Sheridan Healthcare., Inc.*, No. 13-62008-

CIV, 2015 WL 13541032, at *2 (S.D. Fla. Jan. 21, 2015) ("Although [the] [p]laintiff has not

opposed an award of costs, the undersigned finds that some of the costs sought by [the]

[d]efendants are either not taxable under § 1920, or they exceed the permissible statutory

amount. The undersigned, therefore, will consider the [m]otion on its merits."), report and recommendation adopted sub nom. *Hamilton v. Sheridan Healthcorp, Inc.*, No. 13-62008-CIV, 2015 WL 13540998 (S.D. Fla. Mar. 25, 2015).

Costs for transcripts are taxable insofar as such transcripts are "necessarily obtained for use in the case." 28 U.S.C. § 1920(2). On the other hand, "where the deposition costs were merely incurred [for] convenience, to aid in thorough preparation, or for purposes of investigation only, the costs are not recoverable." *Rakip v. Paradise Awnings Corp.*, No. 10-20004-CIV, 2014 WL 12737632, at *5 (S.D. Fla. Jan. 2, 2014) (quoting *W&O*, 213 F.3d at 620); *see also Shire Dev., LLC v. Mylan Pharms., Inc.*, No. 8:12-CV-1190-T-36AEP, 2018 WL 6311472, at *5 (M.D. Fla. Nov. 9, 2018) ("[C]ourt-reporter fees, shipment of depositions, costs for binders, tab, technical labor, and realtime expenses, which are incurred for the convenience and not necessity of counsel, are not taxable."), report and recommendation adopted in part, No. 8:12-CV-1190-T-36AEP, 2018 WL 6304868 (M.D. Fla. Dec. 3, 2018).

Here Fontecilla used the deposition transcript in its summary judgment motion and has voluntarily reduced the per-page rate to $4.02 to comport with the per-page rate listed in the U.S. Southern District of Florida Transcript Rate Schedule for Court Reporters.

Because the deposition transcript is taxable and the amount sought is reasonable, the Undersigned **respectfully recommends** that the District Court **grant** Fontecilla the requested **$466.32** in costs.

## III.     Conclusion

For the reasons stated above, the Undersigned respectfully recommends that the District Court **grant** Fontecilla's motion for costs and award it **$466.32** in taxable costs, plus interest from the date of the final judgment.[1]

## IV.     Objections

The parties will have 14 days from the date of being served with a copy of this Report and Recommendations within which to file written objections, if any, with the United States District Judge. Each party may file a response to the other party's objection within 14 days of the objection. Failure to file objections timely shall bar the parties from a de novo determination by the District Judge of an issue covered in the Report and shall bar the parties from attacking on appeal unobjected-to factual and legal conclusions contained in this Report except upon grounds of plain error if necessary in the interest of

---

[1]     "[P]ost-judgment interest automatically accrues under 28 U.S.C. § 1961." *Landi v. Home Depot USA, Inc.*, No. 2:17-CV-701-FtM-38MRM, 2020 WL 10465289, at *1 (M.D. Fla. July 22, 2020); *see also Am. Contractors Indem. Co. v. MD Constr. Servs. USA, Inc.*, No. 6:16-CV-952-Orl-40GJK, 2016 WL 11581679, at *4 (M.D. Fla. Dec. 8, 2016) ("[The] [p]laintiff's failure to request post-judgment interest does not preclude an award thereof."), report and recommendation adopted, No. 6:16-CV-952-Orl-40GJK, 2017 WL 11025405 (M.D. Fla. Jan. 4, 2017); *BP Prod. N. Am., Inc. v. Youssef*, 296 F. Supp. 2d 1351, 1355 (M.D. Fla. 2004) ("By force of Section 1961, a judgment bears interest at the statutory rate, even without a demand by the plaintiff or an order of the court.").

justice. *See* 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140, 149 (1985); *Henley v. Johnson*, 885 F.2d 790, 794 (11th Cir. 1989); 11th Cir. R. 3-1 (2016).

    **RESPECTFULLY RECOMMENDED**, in Chambers, in Miami, Florida, on September 30, 2022.

                                    Jonathan Goodman
                                      UNITED STATES MAGISTRATE JUDGE

**Copies furnished to**:
The Honorable Marcia G. Cooke
All counsel of record