**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**
**MIAMI DIVISION**

**CASE NO. 20-20725-CIV-MARTINEZ/GOODMAN**

HOUSTON SPECIALTY
INSURANCE CO.,

     Plaintiff,

v.

DANIELA FONTECILLA, et al.,

     Defendants.
_____/

DANIELA FONTECILLA, et al.,

     Counter-Plaintiffs,

v.

HOUSTON SPECIALTY
INSURANCE CO.,

     Counter-Defendant.
_____/

**REPORT AND RECOMMENDATIONS ON**
**DEFENDANT FONTECILLA'S MOTION FOR ATTORNEY'S FEES**

Plaintiff/Counter-Defendant Houston Specialty Insurance Company ("Houston")

brought this declaratory action against Defendants/Counter-Plaintiffs Daniela Fontecilla

and the Law Offices of Daniela Fontecilla, P.A. (collectively, "Fontecilla") and Old

Republic National Title Insurance Company ("Old Republic"). Houston sought a

declaration of its rights and obligations with respect to defending and indemnifying Fontecilla in a state court action brought by Old Republic. [ECF No. 1].

Specifically, Old Republic asserted fraud and theft claims against Fontecilla in the Circuit Court of the Eleventh Judicial Circuit in and for Miami-Dade County, Florida, *Old Republic National Title Ins. Co. v. Daniela Fontecilla, Law Offices of Daniela Fontecilla, P.A.*, Case No. 2019-031646-CA-0l ("Underlying Action").

On September 30, 2021, the Court issued an Order granting in part and denying in part Old Republic's motion for summary judgment/motion to dismiss. [ECF No. 82]. This Order dismissed without prejudice Houston's claim on its duty-to-indemnify and granted summary judgment in Old Republic's favor on the duty-to-defend claim.

Consistent with these rulings, on August 3, 2022, the Court entered a Final Judgment in favor of Fontecilla and Old Republic and against Houston on the duty to defend claim and dismissed without prejudice the duty to indemnify claim. [ECF No. 89].

Fontecilla now seeks to recover $97,944.00 in attorney's fees pursuant to § 626.9373 of the Florida Statutes. [ECF No. 92, pp. 2-3].[1] Houston does not dispute Fontecilla's *entitlement* to reasonable fees, but it contests the *amount* requested. [ECF No. 102, pp. 1-2].

---

[1]     Fontecilla's fees motion [ECF No. 92] also references $466.32 in taxable costs. This costs request was the subject of a separate Report and Recommendations. *See Houston Specialty Ins. Co. v. Fontecilla*, No. 20-20725-CIV, 2022 WL 17156722, at *1 (S.D. Fla. Sept. 30, 2022), report and recommendation adopted, No. 20-20725-CIV, 2022 WL 17144217 (S.D. Fla. Nov. 22, 2022). It will not be addressed here.

This matter was referred to the Undersigned for a Report and Recommendations. [ECF No. 5]. For the reasons stated below, the Undersigned **respectfully recommends** that the District Court **grant in part and deny in part** Fontecilla's motion and award Fontecilla **$65,660.00** in attorney's fees ($32,284.00 less than the amount requested).

## I.   COMPLIANCE WITH LOCAL RULE 7.3

At the outset, the Undersigned will address Fontecilla's argument that Houston failed to comply with Local Rule 7.3. In its reply, Fontecilla argues that "[Houston] waived its objections to the reasonableness of the rate and amount of fees [sought] by failing to follow Rule 7.3's requirement of particularity." [ECF No. 103, p. 3].

According to Fontecilla, Houston violated Local Rule 7.3 in two respects. First, Houston "fail[ed] to comply with Local Rule 7.3" when it objected to the **hourly rates** of most of Fontecilla's timekeepers "but it did not provide an affidavit with its own firm's hourly rates for the matter." [ECF No. 103, p. 3]. According to Fontecilla, Houston's non-compliance "limits Fontecilla's ability to respond to its arguments regarding timekeepers' billable rates"[2] and for this reason the "[C]ourt should deny [Houston]'s [r]esponse as to its objections to billable rates[.]" *Id.* at 4.

---

[2]   The Undersigned notes that Fontecilla had no difficulty supporting the requested hourly rates by attaching eight state and federal fees orders and reports and recommendations. *See* Exhibits A through G [ECF Nos. 92-1—92-7]. While the Undersigned does not necessarily agree with all the rates sought by Fontecilla's timekeepers, the Undersigned notes that Fontecilla was able to support its requested rates, regardless of Houston's compliance or non-compliance with Local Rule 7.3.

Second, Fontecilla argues that Houston violated Local Rule 7.3 when it **failed to identify every objected-to time entry**. Specifically, Fontecilla notes that Houston "issued a blanket objection [to Fontecilla's fee request] but failed to provide supporting legal authority as required by this Court's [L]ocal [R]ules" and (2) "disregarded the [L]ocal [R]ule's requirement that its opposition include, *with reasonable particularity, the time entries to which it objects*[.]" *Id.* at 2 (emphasis added).

Fontecilla notes that Houston identified 17 time entries from associates and "15 different dates" for time entries from paralegal Espinosa but "[did] not limit its objections to the dates and [time] entries that it specifically reference[d] and instead state[d] that its objections [were] 'non-exhaustive.'" *Id.* at 3. In the same vein, Fontecilla notes that Houston's "[r]esponse . . . generally references communications between timekeepers as redundant, but it does not cite which time entries it is referring to." *Id.* Fontecilla argues that given this non-compliance, the "[C]ourt should deny [Houston]'s [r]esponse as to its objections to . . . any non-described time entry for failure to comply with Local Rule 7.3." *Id.* at 4.

Houston sought leave (which the Undersigned granted) to address its purported non-compliance with Local Rule 7.3. Houston asserts in its sur-reply that it *did* comply with Local Rule 7.3. [ECF No. 106]. Houston's defense is two-fold. First, it faults Fontecilla for refusing to provide unredacted time entries during the pre-filing conferral period. [ECF No. 106, p. 2 ("[T]he undersigned advised Fontecilla's counsel that the redacted time

entries provided with the draft fee motion did not provide adequate details allowing [Houston] to determine the reasonableness of such time entries[.]")]. This argument is neither here nor there because, as Houston acknowledges, "Fontecilla filed the unredacted time entries on October 7, 2022," at the Court's direction. *Id.* Houston filed its response to the fee motion 11 days later, on October 18, 2022. Therefore, Fontecilla's initial reluctance to produce unredacted time records had *no* impact on Houston's ability to specifically identify objected-to time entries in its written response.

Houston also insists that it *did* meet Rule 7.3's requirement that it identify objected-to time entries with reasonable particularity. According to Houston, its "[r]esponse sufficiently details the problematic time entries by either directly quoting the time entries or directing the Court to the date and nature of the time entry." *Id.* at 2. But that is not the case for *all* of Houston's objections.

Houston's use of blanket statements such as "[t]he billing ledgers included in the Motion contain several entries with inadequate descriptions or documentation," [ECF No. 102, p. 9] (without also pinpointing all the time entries it is referring to) and its decision to identify the objected-to time entries of paralegal Espinosa only by date (when there were some dates when she had multiple time entries) leaves the Court with the impossible task of deciphering *which* time entries are objected-to and which are not.

Lastly, Houston does not address its non-compliance with Local Rule 7.3 concerning the hourly rate.

Local Rule 7.3(a) states, in relevant part, that:

Within fourteen (14) days after service of the motion, **the respondent shall describe with reasonable particularity each time entry or nontaxable expense to which it objects**, both as to issues of entitlement and as to amount, and shall provide supporting legal authority. **If a party objects to an hourly rate, its counsel must submit an affidavit giving its firm's hourly rates for the matter and include any contingency, partial contingency, or other arrangements that could change the effective hourly rate**.

S.D. Fla. L.R. 7.3(a). Houston did *not* comply with the requirements of this Local Rule for the reasons outlined above.

Nonetheless, "the Court has an **independent obligation** to review fee motions . . . to independently determine whether the hourly rates sought are reasonable [and that] the number of attorney hours sought are reasonable." *Valley v. Ocean Sky Limo*, 82 F. Supp. 3d 1321, 1325 (S.D. Fla. 2015) (emphasis added). Therefore, the Undersigned's analysis here will carefully review Fontecilla's billing records to arrive at a reasonable fee award.

## II.    APPLICABLE LEGAL STANDARD AND ANALYSIS

Fontecilla filed a motion seeking $97,944.00 in attorney's fees [ECF Nos. 92; 99].[3] For the reasons discussed below, some reductions to the fees sought by Fontecilla are warranted.

---

[3]    As discussed above, Fontecilla initially filed redacted time entries. But, after an *in camera* review revealed "there [was] no factual or legal basis for [these] redactions," the

a.      **Entitlement to Attorney's Fees**

The party seeking attorney's fees bears the burden of establishing entitlement. *Hensley v. Eckerhart*, 461 U.S. 424, 437 (1983); *see also A.C.L.U. of Ga. v. Barnes*, 168 F.3d 423, 427 (11th Cir. 1999) ("[F]ee applicant bears the burden of establishing entitlement and documenting the appropriate hours and hourly rates." (quoting *Norman v. Hous. Auth. of Montgomery*, 836 F.2d 1292, 1303 (11th Cir. 1988)). As noted above, Houston does not dispute Fontecilla's entitlement to reasonable attorney's fees. *See* [ECF No. 102, pp. 1-2 ("Although [Houston] has admitted that Fontecilla is entitled to an award of reasonable attorney's fees for litigation of this coverage action, [Houston] disagrees with the amount demanded by Fontecilla in the Motion.")]. As such, the Undersigned finds that Fontecilla has met its burden of showing *entitlement* to fees.

b.      **Amount**

The Court must determine whether the requested amount of fees is reasonable. "The most useful starting point for determining the amount of a reasonable fee is the number of hours reasonably expended on the litigation multiplied by a reasonable hourly rate." *Hensley v. Eckerhart*, 461 U.S. 424, 434 (1983). This amount is typically referred to as the "lodestar." *Thornton v. Wolpoff & Abramson, L.L.P.*, 312 F. App'x 161, 163-64 (11th Cir. 2008).

---

Undersigned directed Fontecilla to file unredacted time entries [ECF Nos. 93–94; 96–98] and Fontecilla complied with this directive [ECF No. 99-1].

The resulting fee carries a presumption that it is reasonable. *Blum v. Stenson*, 465 U.S. 886, 897 (1984). This lodestar amount may then be adjusted upward or downward based upon other considerations. *Hensley*, 461 U.S. at 433-37. The moving party bears the burden of documenting the reasonableness of the hours expended and the hourly rate. *Barnes*, 168 F.3d at 427.

Here, Houston disputes the hourly rates charged by *some* (but not all) of Fontecilla's timekeepers and the number of hours expended in this case. [ECF No. 102]. The Undersigned will address both factors below.

### i.       Reasonable Hourly Rate

The Court must evaluate the reasonableness of counsel's hourly rate. The Eleventh Circuit defines a "reasonable hourly rate" as "the prevailing market rate in the relevant legal community for similar services by attorneys with reasonably comparable skills, experience, and reputation. *Norman*, 836 F.2d at 1299 (citing *Blum*, 465 U.S. at 895-96 n.11). "The applicant bears the burden of producing satisfactory evidence that the requested rate is in line with prevailing market rates." *Id.* at 1302 (internal citation omitted).

In determining the prevailing market rate, the Court should consider several factors, including: "the attorney's customary fee, the skill required to perform the legal services, the attorney's experience, reputation and ability, the time constraints involved, preclusion of other employment, contingency, the undesirability of the case, the attorney's relationship to the client, and awards in similar cases." *Mallory v. Harkness*, 923

8

F. Supp. 1546, 1555 (S.D. Fla. 1996) (discussing factors set out in *Johnson v. Ga. Hwy. Exp., Inc.*, 488 F.2d 714, 717-18 (5th Cir. 1974)).

Here, Fontecilla seeks a $600.00 hourly rate for attorney Stephen A. Marino, Jr., a managing partner at the law firm of Ver Ploeg & Marino, P.A. "with almost thirty years of litigation experience," mostly "devoted to insurance-related disputes." [ECF No. 92, p. 6]. Fontecilla also seeks a $300.00 hourly rate for associate attorneys Daniel L. Gross and Allie C. Watson. Mr. Gross and Ms. Watson both have "over three years of litigation experience." *Id.* Lastly, Fontecilla seeks a $240.00 hourly rate for paralegals Linda M. Mulhall ("a Florida registered paralegal" who "has been a paralegal for over twenty years")[4] and Madelein Espinosa (a paralegal with "over 14 years of experience"). *Id.*

Houston does not dispute the reasonableness of Mr. Marino's hourly rate[5] but argues that the associate and paralegal hourly rates are excessive. [ECF No. 102, pp. 3-5].

Houston contends that the associate attorneys do not warrant a $300.00 hourly rate because they had between one and four years of legal experience when they worked on this case. *Id.* at 4-5 ("Mr. Gross was licensed in September of 2018, and began working on this matter in November of 2019, when Mr. Gross had only one year of experience. The time spent by Mr. Gross on the file between November 2019 and January 2021 occurred

---

[4]    "Ms. Mulhall was a law librarian for eleven years prior to becoming a Florida registered paralegal." [ECF No. 103, p. 5].

[5]    [ECF No. 102, p. 5 ("[Houston] does not dispute the rate of $600 per hour requested for time billed by Stephen Marino.")].

while Mr. Gross was in his second to fourth years of practice."); *id.* at 5 ("Ms. Watson was licensed in September of 2019, and the entirety of her work on this matter occurred in October and November of 2021, when she had approximately two years of experience."). Houston maintains that "the reasonable rate for similarly experienced attorneys is $250[.00] per hour." *Id.* at 5 (citing cases awarding hourly rates of $200.00 and $250.00 for associates with one-year and five to six years of experience).

As to the paralegal rate, Houston notes that "[i]n the last year or so, courts across the Southern District of Florida have awarded between $75[.00] and $150[.00] per hour for paralegals, with a majority of awards coming in between $100[.00] and $125[.00] per hour." *Id.* at 3. Houston includes a chart listing ten cases where Courts in this District have awarded between $75.00 and $150.00 for paralegal work. *Id.* at 3-4.

In its reply, Fontecilla maintains that the requested $300.00 associate hourly rate is reasonable. [ECF No. 103, pp. 5-6]. It notes that "Mr. Gross' time entries do not begin until well into his second year as an associate in 2019" and "[t]he vast majority of the case continue[d] through 2021, [when he] was in his third year." *Id.* at 5. Ms. Watson "began working on this matter in her third year of practice in October of 2021." *Id.*

Fontecilla also argues that the Court should award the requested $240.00 paralegal rate because many of the cases cited by Houston awarding lower hourly rates do not discuss the credentials of those paralegals and here the requested hourly rate is

reasonable given Ms. Mulhall and Ms. Espinosa's "experience, background and specialty in insurance coverage and extracontractual claims litigation." *Id.* at 4-5.

Although Houston does not dispute Mr. Marino's $600.00 hourly rate, the Court still has an independent obligation to review the reasonableness of the hourly rates requested. *Valley*, 82 F. Supp. 3d at 1325. Fontecilla states that Mr. Marino:

> is the managing partner at [Ver Ploeg & Marino, P.A.] with almost thirty years of litigation experience; the vast majority of which has been devoted to insurance-related disputes. Mr. Marino has also been recognized every year since 2011 as a Florida "Super Lawyer." He is an [American Board of Trial Advocates] member and frequent lecturer on insurance coverage and bad faith issues Since the initiation of this matter, Mr. Marino has been involved as the primary decision-maker and strategist. Mr. Marino has been involved in all aspects of this coverage case, including communications with Fontecilla's counsel, attendance at hearing(s), the drafting of substantive motions and oversight of case strategy.

[ECF No. 92, p. 6].

In *Cornfeld Grp., LLC v. Certain Underwriters at Lloyd's, London*, United States Magistrate Judge Lurana S. Snow determined that Mr. Marino's hourly rate was supported by the South Florida legal market in a declaratory action brought by an insured against multiple insurance companies. No. 19-60626-CIV, 2020 WL 9549552, at *6 (S.D. Fla. Feb. 7, 2020), report and recommendation adopted, No. 019CV60626WPDLSS, 2020 WL 9549514 (S.D. Fla. Mar. 30, 2020). Judge Snow stated, "[c]onsidering Mr. Marino's expertise in the field of insurance litigation and his role in this case, . . . the claimed rate of $600.00 per hour is within the range of rates charged in the Southern District of Florida for similar services by lawyers of reasonably comparable skills, experience and

reputation, and this rate should be awarded." *Id.* The Undersigned similarly concludes that Mr. Marino should be awarded the requested $600.00 hourly rate.

Fontecilla seeks a $300.00 hourly rate for its associates, Daniel L. Gross and Allie C. Watson. The Undersigned finds that this hourly rate is reasonable for associates with Mr. Gross and Ms. Watson's experience in insurance coverage cases. In a declaratory judgment action on whether an insurer had a duty to defend or indemnify its insured, this Court found that an hourly rate of $300.00 was reasonable for an attorney with two years of experience. *Mt. Hawley Ins. Co. v. Las Vistas at Doral Condo. Ass'n, Inc.*, No. 19-24491-CIV, 2021 WL 2227928, at *3 (S.D. Fla. Mar. 19, 2021), report and recommendation adopted, No. 19-24491-CV, 2021 WL 2223367 (S.D. Fla. June 2, 2021) (Martinez, J.).

However, the Undersigned finds the requested $240.00 paralegal hourly rate to be excessive. In *Capitol Specialty Ins. Corp. v. Ortiz*, this Court found that the "requested hourly rate of $245[.00] for Ms. Mullhall [was] excessive for a paralegal position and, as a result, . . . reduce[d] the rate requested to $100.[00]." No. 17-23329-CIV, 2019 WL 383868, at *6 (S.D. Fla. Jan. 15, 2019), report and recommendation adopted sub nom. *Capitol Specialty Ins. Corp. v. Ortiz by & Through Corona*, No. 17-23329-CIV, 2019 WL 367916 (S.D. Fla. Jan. 30, 2019); *see also Moussa v. Certain Underwriters at Lloyd's, London*, No. 20-CV-22313, 2022 WL 2195305, at *4 (S.D. Fla. Mar. 7, 2022), report and recommendation adopted, No. 20-CV-22313, 2022 WL 7513741 (S.D. Fla. Oct. 13, 2022) ("reducing the requested paralegal hourly rate from $230.00 per hour to $100 per hour" in case involving

the same law firm representing Fontecilla); *Mt. Hawley Ins. Co.*, 2021 WL 2227928, at *3 (awarding paralegal hourly rate of $100 in insurance coverage action).

In sum, the Undersigned **respectfully recommends** that the District Court award the following hourly rates: $600.00 for partner Stephen A. Marino, Jr., $300.00 for associates Daniel L. Gross and Allie C. Watson, and $100.00 for paralegals Linda M. Mulhall and Madelein Espinosa.

### ii.        Reasonable Hours Expended

The Court must next evaluate the reasonableness of the total hours expended by Fontecilla's counsel. The moving party bears the burden of providing the Court with sufficiently detailed records so that the Court can assess the time claimed for each activity. *Norman*, 836 F.2d at 1303; *see also Hermosilla v. Coca-Cola Co.*, No. 10-21418-CIV, 2011 WL 9364952, at *14 (S.D. Fla. July 15, 2011) ("A party seeking to recover attorneys' fees bears the burden of providing specific and detailed evidence so that a determination can be made of the necessity of the action and the reasonableness of the time claimed for the action." (citing *Barnes*, 168 F.3d at 427, 432-33)).

The party requesting fees must exercise "billing judgment" and must exclude from its fees motion hours that would be unreasonable to bill a client, and therefore to one's adversary, "irrespective of the skill, reputation, or experience of counsel." *Norman*, 836 F.2d at 1301.

In determining the number of hours reasonably expended, the Court must exclude "excessive, redundant or otherwise unnecessary hours" from those claimed. *Id.* at 1303. This task may be accomplished by either applying an hour-by-hour analysis or making an across-the-board cut. *See Bivins v. Wrap it Up, Inc.*, 548 F.3d 1348, 1350 (11th Cir. 2008). Judges "need not, and indeed should not, become green-eyeshade accountants. The essential goal in shifting fees (to either party) is to do rough justice, not to achieve auditing perfection." *Fox v. Vice*, 563 U.S. 826, 838 (2011). "Ultimately, the computation of a fee award is necessarily an exercise of judgment, because '[t]here is no precise rule or formula for making these determinations.'" *Villano v. City of Boynton Beach*, 254 F.3d 1302, 1305 (11th Cir. 2001) (quoting *Hensley*, 461 U.S. at 436).

Here, Fontecilla seeks to recover the following hours expended in this case:

| Timekeeper | Hours Sought |
| --- | --- |
| Partner Stephen A. Marino, Jr. | 37.80 |
| Associate Daniel L. Gross | 208.60 |
| Associate Allie C. Watson | 18.60 |
| Paralegal Madelein Espinosa | 28.40 |
| Paralegal Linda M. Mulhall | 1.20 |
| **Total** | **294.60** |

[ECF No. 92, p. 9]. Fontecilla maintains that "the hours expended in this litigation and the fees charged by its counsel are reasonable given the nature of the case and the level of skill and experience of his [sic] counsel." *Id.* at 10.

Fontecilla states that it (or its law firm) has reviewed "the raw time records . . . and improper time was removed, including time expended by individuals only tangentially involved with the litigation." *Id.* Moreover, not all of Mr. Marino's time expended on this case was billed to the client and Fontecilla does not seek to recover any of this unbilled time.[6]

Houston argues that the number of hours sought by Fontecilla should be reduced to account for block billing, "inadequate descriptions or documentation," clerical tasks (such as saving emails and documents, scheduling, and maintaining the file), excessive or duplicative time entries (15.2 hours for drafting a letter to the insurance carrier, 11.2 hours to prepare the answer, affirmative defenses, and counterclaims, and 33.4 hours on various research projects). *Id.* at 7-12. Houston provides examples of time entries for each category "but does not address every single time entry that should be reduced or disallowed." *Id.* at 12.

---

[6]     With respect to Mr. Marino's hours, Fontecilla states that the amount sought does not reflect *all* the hours Mr. Marino spent on this case because he "did not charge [Fontecilla] for many hours expended in this litigation, and therefore [Fontecilla] does not seek them here." [ECF No. 92, p. 9 n.7].

To account for these purportedly objectionable time entries, Houston proposes the following percentage reductions: Mr. Marino (10% reduction), Mr. Gross (35% reduction), Ms. Watson (20% reduction), Ms. Espinosa (50% reduction).[7] Houston proposes different percentage reductions because it believes "there was greater billing judgment exercised by the more experienced timekeeper (Mr. Marino) and less excessive hours spent." *Id.* at 12.

Fontecilla states in its reply that none of the submitted time entries should be reduced. It argues that the time entries Houston identifies as block billing are not actually block billed entries because the tasks were "performed at the same time" and "cannot be accurately billed as two separate entries as they are done together." [ECF No. 103, pp. 6-7]. Fontecilla further notes that while Houston "claims that some of the entries are inadequately documented" it "does not identify them." *Id.* at 7. Therefore, Fontecilla argues "[i]t is impossible for [it] to respond to . . . [the] items [Houston] finds unreasonable, as they are not cited." *Id.*

Fontecilla responds to Houston's claim of duplicative time entries by stating that while both a partner and an associate "may have worked on the same broad matter, each of the attorneys enhanced the legal product with respect to the work performed" and that "Mr. Marino and Mr. Gross conferred before researching and before drafting motions or

---

[7]     Houston proposes no reductions to paralegal Mulhall's hours. [ECF No. 102, p. 13].

documents to strategize and divide tasks in order to <u>avoid</u> duplicating efforts." *Id.* at 7-8 (emphasis in original). Fontecilla maintains that "[t]he hours spent preparing the Motion to Strike, Discovery Requests, Depositions and Motion for Summary Judgment, were reasonable and necessary. Especially since Fontecilla prevailed on summary judgment." *Id.* at 8.

Fontecilla also disputes Houston's assertion that paralegal Espinosa's time entries include clerical work. *Id.* at 9. For instance, Fontecilla maintains that the May 21, 2020 time entry where Ms. Espinosa billed for "[m]anag[ing] data/files by renaming PDFs to include dates and bates number of documents" was "not clerical, because it require[d] a review and understanding of the document" and "[t]he paralegal must review the documents and the information within the documents as they handle the file in order to name them." *Id.*

According to Fontecilla, "a secretary would not know the difference between a claims file and underwriting guidelines" and "would not be able to accurately manage these documents and name them." *Id.* Fontecilla maintains that "[a]ll of Ms. Espinosa's time entries involved tasks that required analysis of specific documents, which is not clerical." *Id.* It also points out that Houston fails to properly identify which of Ms. Espinosa's time entries it objects to because Houston identifies Ms. Espinosa's time entries only by date and there are multiple time entries for some of those dates. *Id.*

In short, Fontecilla represents to the Court that the "entries were recorded contemporaneously with the work performed, were regularly monitored for accuracy, and have been vetted to remove redundant entries and purely administrative work." *Id.* at 10. Nonetheless, the Undersigned finds that some reductions are warranted to account for: impermissible block billing, duplicative work, unnecessary or unsupported time entries, excessive time spent on a particular task, and clerical or secretarial tasks.

At the outset, the Undersigned notes that in total, Mr. Gross billed approximately 18.70 hours (2.00 hours for reviewing a Rule 30(b)(6) deposition; 11.00 hours for drafting or revising the summary judgment motion; and 5.70 hours for research) for working on Fontecilla's summary judgment motion and 7.80 hours for drafting or revising the statement of undisputed facts. [ECF No. 99-1, pp. 6-7].[8] This is an excessive amount of time spent on Fontecilla's ten-page summary judgment motion [ECF No. 43] and seven-page statement of undisputed facts. [ECF No. 42].

Moreover, some time entries are insufficiently detailed. For instance, on September 8, 2020, Mr. Gross billed 2.70 hours for "[r]esearch[ing] case law to assist with drafting MSJ" and the next day he billed 3.00 hours for "[c]ontinu[ing] [c]ase law research to assist with MSJ." [ECF No. 99-1, p. 6]. But these billing entries do not provide sufficient

---

[8]     This amount does not include the time billed by Mr. Marino for working on the same documents.

18

information to determine whether the amount of time spent was reasonable or whether it was duplicative.

The Undersigned also found impermissible block billed entries.[9] Fontecilla argues that its time entries were not *true* block billed entries because the tasks were "performed at the same time" and "cannot be accurately billed as two separate entries as they are done together." [ECF No. 103, pp. 6-7].

A review of the time records shows that that was not always the case. On September 11, 2020, for example, Mr. Marino billed 4.70 hours for "[d]raft[ing]/revis[ing] and finaliz[ing] MSJ and statement of material facts." [ECF No. 99-1, p. 6]. But the summary judgment motion and the statement of undisputed facts were two separate documents. Moreover, Mr. Gross also worked on both the summary judgment motion and the statement of undisputed facts. Thus, Mr. Marino's combined time entry makes it impossible for the Court to determine how much time was devoted to each task and also compare it to the additional time billed by Mr. Gross for working on the same documents.

---

[9]     "Block billing is the practice of including multiple distinct tasks within the same time entry." B*ioresource Tech., Inc. v. High*, No. 21-CV-60854, 2022 WL 4287599, at *4 (S.D. Fla. Aug. 8, 2022), report and recommendation adopted, No. 21-60854-CIV, 2022 WL 3907902 (S.D. Fla. Aug. 31, 2022) (citation and internal quotation marks omitted) "Block billing is impermissible because it frustrates the Court's ability to determine which portion of the fees billed at a particular time are recoverable." *Behav. Analyst Certification Bd., Inc. v. Rodriguez*, No. 1:21-CV-22834, 2022 WL 4468606, at *16 (S.D. Fla. July 29, 2022), report and recommendation adopted as modified, No. 21-22834-CIV, 2022 WL 4466621 (S.D. Fla. Sept. 26, 2022) (citing *Filippova v. Mogilevsky*, No. 18-80044-CIV, 2019 WL 1216150, at *6 (S.D. Fla. Feb. 14, 2019)).

The Undersigned also found time entries consisting of clerical work. For instance, on September 11, 2020, paralegal Espinosa billed 0.10 hours for "[c]ommunicat[ing] (other external) with/advanc[ing] documents to court re Motion for Summary Judgment." [ECF No. 99-1, p. 7]. Based on the description, Ms. Espinosa either billed for filing Fontecilla's summary judgment motion on CM/ECF, since this was the date both parties filed their summary judgment motions, or for providing a courtesy copy of the summary judgment motion to the Court. In any event, this task is clerical work and non-compensable. *See Ortega v. Berryhill*, No. 16-24697-CIV, 2017 WL 6026701, at *2 (S.D. Fla. Dec. 5, 2017) ("Purely clerical or secretarial tasks that require no legal skill or training, such as converting pleadings to PDF, faxing and mailing, updating lists and calendars, and filing or e-filing documents, should not be billed at a paralegal rate regardless of who performs them.").

"If a court determines that the number of hours is unreasonably high, there are two recognized methods available to the court to reduce the amount of attorneys' fees: 'it may conduct an hour-by-hour analysis or it may reduce the requested hours with an across-the-board cut.'" *Grasso v. Grasso*, No. 8:13-CV-3186-T-33AEP, 2016 WL 8716273, at *4 (M.D. Fla. Oct. 21, 2016), report and recommendation adopted, No. 8:13-CV-3186-T-33AEP, 2016 WL 7240051 (M.D. Fla. Dec. 15, 2016) (quoting *Bivins*, 548 F.3d at 1352).

Here, Fontecilla's time records total 294.60 hours and consist of approximately 322 separate time entries. "Courts have applied an across-the-board percentage reduction (as opposed to an hour-by-hour analysis) in cases involving similarly voluminous billing records." *Dominguez v. Fiore*, No. 21-24055-CIV, 2022 WL 16961299, at \*25 (S.D. Fla. Nov. 16, 2022) (applying an across-the-board percentage reduction in case involving "approximately 246 billing entries totaling 59.80 hours"); *Bravo v. IQ Data Int'l, Inc.*, No. 821CV00887TPBSPF, 2022 WL 16927691, at \*3 (M.D. Fla. Oct. 24, 2022), report and recommendation adopted, No. 8:21-CV-887-TPB-SPF, 2022 WL 16923501 (M.D. Fla. Nov. 14, 2022) (applying an across-the-board percentage reduction in case involving "242.2 hours of attorney and paralegal time").

Having carefully reviewed the billing records [ECF No. 99-1] and considered the relevant filings in this case, the Undersigned **respectfully recommends** an across-the-board **30 percent reduction** to the 294.60 requested hours. *See, e.g.*, *St. Fleur v. City of Fort Lauderdale*, 149 F. App'x 849, 854 (11th Cir. 2005) (affirming 30 percent across-the-board reduction); *Odes v. Harris*, No. 12-CV-61561, 2014 WL 11531573, at \*5 (S.D. Fla. Jan. 6, 2014) (applying 30 percent reduction to account for block billing and excessive, redundant, or duplicative time entries); *Managed Care Sols., Inc. v. Essent Healthcare, Inc.*, No. 09-60351-CIV, 2011 WL 2535258, at \*7 (S.D. Fla. June 27, 2011) (reducing requested fees by 30 percent "to account for billing entries that [were] excessive, duplicative, clerical in nature,

unnecessary or otherwise unreasonable," included "block billing and multiple attorneys," and certain discovery hearings).

In sum, Fontecilla should be awarded reasonable attorney's fees of **$65,660.00**:

| Timekeeper | Recommended Rates | Requested Hours | Amount |
|---|---|---|---|
| Stephen A. Marino, Jr. | $600.00 | 37.80 | $22,680.00 |
| Daniel L. Gross | $300.00 | 208.60 | $62,580.00 |
| Allie C. Watson | $300.00 | 18.60 | $5,580.00 |
| Linda M. Mulhall | $100.00 | 1.20 | $120.00 |
| Madelein Espinosa | $100.00 | 28.40 | $2,840.00 |
| | | **Subtotal** | $93,800.00 |
| | | **30% Reduction** | $28,140.00 |
| | | **Reduced Amount** | **$65,660.00** |

## III.   CONCLUSION

The Undersigned **respectfully recommends** that the District Court **grant in part** and **deny in part** Fontecilla's motion for attorney's fees [ECF No. 92] and award Fontecilla at total of **$65,660.00**.

## IV.   OBJECTIONS

The parties will have 14 days from the date of being served with a copy of this Report and Recommendations within which to file written objections, if any, with United States District Judge Jose E. Martinez. Each party may file a response to the other party's

objection within 14 days of the objection. Failure to file objections timely shall bar the parties from a de novo determination by the District Judge of an issue covered in the Report and shall bar the parties from attacking on appeal unobjected-to factual and legal conclusions contained in this Report except upon grounds of plain error if necessary in the interest of justice. *See* 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140, 149 (1985); *Henley v. Johnson*, 885 F.2d 790, 794 (11th Cir. 1989); 11th Cir. R. 3-1 (2016).

**RESPECTFULLY RECOMMENDED** in Chambers, in Miami, Florida, on March 31, 2023.

Jonathan Goodman
UNITED STATES MAGISTRATE JUDGE

**Copies furnished to:**
The Honorable Jose E. Martinez
All Counsel of Record

23